The opinion of the Court was delivered by
O’Neall, J.
The conviction of the defendant on the first and eighth objections to his schedule is really a conviction of nothing. For before the trial the Commissioner of Special Bail had permitted him to amend his schedule, and insert in it everything which was challenged, This placed the case parallel to Craig vs. Pinson, 2 Speers, 176; and as was done in that case, the Commissioner might have discharged the defendant. For there was nothing to try under the objections. The defendant had conformed to them by placing in his schedule the negroes, the goods and proceeds of the sale worth two thousand two hundred dollars, received in part payment of the Fi. Fa. vs. R. H. Finch. Such a rendition may be illusory, but no inquiry into that can be made under the objections, on which the jury have found.
It is true, that if property belonging to the debtor be fraudulently sent out of the State to avoid the payment of debts and a proper objection be taken, the prisoner cannot have the benefit of the Prison Bounds Act; Thomson vs. Linam, 2 Bail. 131. So, too, if the debtor be the owner of personal property in another State, and he will not deliver it under his assignment, he cannot be discharged; Burns vs. Evans, 3 Hill, 294.
But if the property offered to be assigned is in the possession *67 of others claiming title to it, it would generally prevent the defendant from delivering the property, and in such a case, the transfer to his creditors of all his right, is all which he can do, and he would be entitled to his discharge, as was decided in Graham vs. Beckner, Rice, 45.
According to these views, the verdict must be set aside, and the prisoner, the defendant, would be entitled to his discharge; but from the argument here, I suppose it was intended to charge the defendant with making fraudulent conveyances or assignments of the slaves, and the judgment of Holleyman vs. Pinch, and of the proceeds, so far as received by him, and as the case will go back for another trial, the plaintiff, may, if he chooses, file additional objections to the defendant’s schedule, and upon them the case may be tried before another jury. The motion for a new trial is granted, and the plaintiff has leave to file additional objections.
Wardlaw, Whitner and Munro, JJ., concurred.
Motion granted.